**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

**PAINTERS LOCAL UNION 802 PENSION FUND,**
**PAINTERS LOCAL UNION 802 HEALTH & WELFARE FUND,**
**WESTERN GREAT LAKES FINISHING TRADES**
**INSTITUTE TRUST FUND, and JEFF MEHRHOFF**
**(in his capacity as Trustee),**

**MADISON AREA FINISHERS CONTRACTORS**
**ASSOCIATION, and**

**PAINTERS LOCAL UNION NO. 802,**

**Plaintiffs,**

**v.** **Case No. 26-cv-960**

**HOWARD GROTE & SONS, INC.**

**Defendant.**

---

**COMPLAINT**

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling and Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

**Jurisdictional and Venue**

1. Jurisdiction of this Court upon Defendant Howard Grote & Sons, Inc. (hereinafter “Howard Grote”) is founded upon section 502 of the Employee Retirement Income Security Act of 1974 (“ERISA”) (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 (“LMRA”), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining

agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Howard Grote is engaged in business with its principal place of business located in Dane County, Wisconsin.

**Parties**

3. Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund and Western Great Lakes Finishing Trades Institute Trust Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 2912 Commerce Park Drive, Fitchburg, WI 53719.

4. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 802 Pension Fund and Painters Local 802 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Jeff Mehrhoff maintains an office at S68 W22665 National Avenue, Big Bend, WI 53103.

5. Plaintiff Madison Area Finishers Contractors Association ("MAFCA") is an employee benefit plan governed by a Board of Trustees consisting of union and labor

employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at 902 Stewart St, Madison, WI 53713.

6. Plaintiff Painters Local Union No. 802 (hereinafter the "the Painters Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains its offices at 2912 Commerce Park Drive, Fitchburg, WI 53719.

7. Defendant Howard Grote is a domestic corporation incorporated and organized under the law of the State of Wisconsin, engaged in business with principal offices located at 4900 Ivywood Trail, Suite 100, McFarland, Wisconsin 53558. The registered agent for service of process is Kurt R Grote, 4900 Ivywood Trail, Suite 100, McFarland, Wisconsin 53558.

## Facts

8. Howard Grote is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

9. For all times relevant, Howard Grote was and remains a party to and agreed to abide by the terms of a collective bargaining agreement ("Labor Agreement") between itself and the Painters Union.

10. The Labor Agreement described herein contains provisions whereby Howard Grote agreed to make contributions and payments to the Plaintiff Funds by the fifteenth day of the month after the one during which the work was performed.

11. By execution of said Labor Agreement, Howard Grote adopted the trust agreements and amendments thereof; which establish and govern the Plaintiff Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Plaintiff Funds' policies on employer accounts.

12. Howard Grote has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Painters Union.

13. Even when Howard Grote has remitted contributions to the Plaintiff Funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Labor Agreement, trust agreements, and Plaintiff Funds' policies on employer accounts that are binding upon Howard Grote, it owes to the Plaintiff Funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

14. Despite demands that Howard Grote perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and omitted to make those payments, owing contributions, interest, and liquidated damages to the Plaintiff Funds for the period May 1, 2022 through the present.

**<u>Claim One Against Howard Grote & Sons, Inc.</u>**
**<u>Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)</u>**

14. As and for a first claim for relief against Howard Grote, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 above and incorporate the same as though fully set forth herein word for word.

15. Howard Grote has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Painters Union, in violation of 29 U.S.C. §1145.

16. Therefore, on all contributions that remain unpaid from May 1, 2022 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Howard Grote all owed contributions; as well as their market value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Plaintiff Funds' policies on employer accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Howard Grote:

   A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period May 1, 2022 to the present;

   B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

**Claim Two Against Defendant Howard Grote & Sons, Inc.**
**Violation of LMRA § 301 (29 U.S.C. § 185)**

17. As and for a second claim for relief against Howard Grote, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Due demand has been made upon Howard Grote for payment of all contributions, interest and liquidated damages owed to MAFCA and working dues owed to the Painters' Union but said Defendant has refused to pay them, and amounts remain due and owing.

19. Because, as MAFCA is informed and believes, Howard Grote has not paid timely and prompt contributions, MAFCA and the Union's income is reduced, and benefits provided to participants are affected. Consequently, the LMRA has been violated, and MAFCA and the Painters' Union are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, MAFCA and the Painters' Union demand the following relief:

1. Judgment on behalf of MAFCA and the Painters' Union against Howard Grote:

   A. For unpaid MAFCA contributions, interest, liquidated damages and working dues owed to the Painters' Union for the period May 1, 2022 through the present;

   B. For unpaid MAFCA contributions, interest, liquidated damages and working dues owed to the Painters' Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment;

   C. Actual costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 21st day of September 2026.

/s/Alex J. Sterling
Alex J. Sterling (SBN 1107931)
Christopher J. Ahrens (SBN 1043237)
THE PREVIANT LAW FIRM, S.C.
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com
Attorney for Plaintiffs